UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

VALERIE PENDERGRAPH

V

CITY OF SYRACUSE

OFFICER JANE DOE

OFFICER JOHN DOE

COMPLAINT - 5:19-CV-291[LEK/TWD]

---

## JURISDICTION

The Plaintiff Valerie Pendergraph complains of the Defendants City of Syracuse and Officers Jane and John Doe through his attorney as follows:

1. The Plaintiff resides in the County of Onondaga State of New York. All the actions alleged herein occurred in the City of Syracuse County of Onondaga State of New York.

2. Defendant Jane Doe was an employee of the City of Syracuse, State of New York who at the time of the incident was an on duty police officer acting on behalf of the City of Syracuse, who was wearing a uniform and using a police issued gun under the color of law.

3. Defendant John Doe was an employee of the City of Syracuse, State of New York who at the time of the incident was an on duty police officer acting on behalf of the City of Syracuse, who was responsible for and the rules and regulations of the City of Syracuse Police Department under the color of law.

4. The Defendant City of Syracuse is a City located in the County of Onondaga State of New York and persons alleged herein are employees of said city.

5. The Defendant City of Syracuse is a sovereign entity located in the Northern District of New York.

6. Plaintiff was parked at or near the intersection of Route 81 and State Street.

7. When the Jane Doe, a Uniformed Syracuse police officer of the Syracuse Police force started shooting.in Plaintiff's direction and engaged in a shoot out with another person who also may also have shot in the direction of the Plaintiffs vehicle.

8. Upon information and belief either or both the officer and the other person shot in the direction of the plaintiff vehicle.

9. Upon information and belief one or both parties hit the Plaintiff's vehicle with bullets.

10. The Plaintiff's vehicle was struck by two bullets near the gas tank.

11. Said Plaintiff was in the line of fire of the officer and another person.

12. Said Plaintiff was nearly killed.

13. Said Plaintiff was placed in fear of her life by said actions.

14. Said near death experience caused said Plaintiff to have psychiatric treatment.

15. The actions of the Defendant created an unreasonable risk of bodily harm to the Plaintiff.

16. Said actions were a substantial factor in causing injuries to the plaintiff

17. Defendants at all times owed Plaintiff a duty under the Federal and state constitutions, the common law of New York to restrain from from using excessive force to arrest a person, to avoid injuring bystanders, if feasible with the officers police gun. violating the regulations of the City of Syracuse in the use of her gun,

18. At the time of said incident said police officer was on duty employed by the City of Syracuse, in police uniform using a police issued gun and working under the control of the City of Syracuse and under color of law.

19. At all relevant time the Plaintiff was an innocent bystander.

20. At all relevant times the Plaintiff and her vehicle were visible to the Officer and in the line of fire of the officer and the suspect.

21. Said Defendant Officer active negligence (malfeasance) in regard to or in the discharge of a governmental function in violation of the laws of the state of New York and the Regulations of the City of Syracuse.

22. Said alleged actions were outside the realm of acceptable police practice.

23. The laws of the state of New York and the regulations of the City of Syracuse regarding deadly force and bystanders require direct adherence to the statutes and regulations with compulsory results on the facts of this case.

## ASSAULT

24. The plaintiff realleges paragraphs 1 to 23.

25. Said Officer caused the plaintiff to be placed in apprehension of imminent harmful or offensive contact by engaging in a shootout with Plaintiff in the vicinity.

26. Said actions were intentional and reckless.

27. Said actions were without the consent of the Plaintiff.

28. Said Plaintiff was placed in fear of her life.

## BATTERY

29. The plaintiff realleges paragraphs 1 to 28.

30. Said Officer's bullet (s) hit the Plaintiffs vehicle caused her damage.

31. Said contact was without the Plaintiffs consent.

32. Said action was intentional and reckless.

33. A reasonable person would find the contact offensive.

## NEGLIGENCE

34. The plaintiff realleges paragraphs 1 to 33.

35. The Defendant owed the Plaintiff a duty to use reasonable care and follow the police training regulations of the City of Syracuse regarding deadly force and innocent bystanders.

36. Said actions lacked ordinary care and that degree of care a reasonably prudent person would have used under the same circumstances.

37. The officer failed to follow police regulations and the laws of the state of New York including Penal Law 35.30.

38. Said regulations state that the officer shall not endanger bystanders and state that force is only to be used when there is imminent harm

39. Penal Law 35.30 states:

> 2. The fact that a police officer or a peace officer is justified in using deadly physical force under circumstances prescribed in paragraphs (a) and (b) of subdivision one does not constitute justification for reckless conduct by such police officer or peace officer amounting to an offense against or with respect to innocent persons whom he or she is not seeking to arrest or retain in custody.

40. Similar regulations state in part and in effect:

> It is the policy of the Police Department to prevent the unnecessary loss of human life. A reverence for the value of human life shall guide officers in considering the use of deadly ical force. While officers have an affirmative duty to protect human life, the use of deadly physical force is never justified to protect property interests. Officers may use deadly physical force when their is reasonable cause to believe that such force is necessary in order to:
>
> •   Prevent or terminate deadly physical force from being used against the officer or a third person, pursuant to Section 35.15 SUBDIVISION 2(a) of the New York Stat Penal Law; and/or
>
> •   When the officer has reasonable cause to believe that such force is necessary to effect the arrest of, or prevent or attempt to prevent the escape from custody of, a per on whom the officer has probably cause to believe has committed an offense and who threatens the officers with a weapon or the imminent use of deadly physical force (Section 35.30 subdivision 1 ( c) of the New York State Penal Law and the US Supreme Court Decision in Garner vs. Tennessee 1985).
>
> •   When the officer ha reasonable cause to believe that such force is necessary, and where feasible some warning has been given, an officer may use deadly physical force in order to effect the arrest of, or prevent the escape from custody of a person whom the officer has probable cause to believe has committed a crime involving the use attempted use, or threatened use of deadly physical force. Article 35.30 sub I (a) & (b) and the US Supreme Court Decision in Garner vs. Tennessee 1985.

> It is the responsibility of each officer to be aware of the requirement of Article 35 of the ew York State Penal Law and to guide his actions based upon that law and department policy and training.
>
> The fact that a police officer is justified in using deadly physical force does not allow reckless conduct by the police officer if the use of deadly physical force may injure innocent persons whom he is not seeking to arrest or retain in custody.
>
> The discharge of a firearm will always be considered to be the use of deadly physical force. However, deadly physical force can be expanded to include the use of non-lethal weapons and force if the intent is to cause serious physical injury…………………..

41. Said Jane Doe negligently, grossly negligently willfully and recklessly used deadly physical force that damaged the plaintiffs car and may have injured of killed the Plaintiff whom he was not seeking to arrest or retain in custody in violation of the department regulations.

42. Said Defendant failed to follow the municipalities procedures and rules.

43. Said Defendant failed to follow state law.

44. Said Defendant was grossly negligent and did willful misconduct.

45. Said Defendant knowingly, intentionally, recklessly and grossly negligently disregarded the regulations and laws as alleged herein.

46. Said alleged actions were ministerial under the laws and not judgmental and discretionary.

47. Said negligence was a proximate cause and a substantial factor in causing the injuries of the Plaintiff.

48. Said injuries were a foreseeable result of the alleged negligence.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49. The plaintiff realleges paragraphs 1 to 48.

50. The conduct of the officer was extreme and outrageous.

51. Said officer disregarded intentionally and recklessly  substantial probability of causing severe emotional distress and injury.

52. Said conduct of the officer caused and were substantial factor in causing the severe emotional distress of the Plaintiff in that she was nearly killed.

## TRESPASS TO CHATTELS

53. The plaintiff realleges paragraphs 1 to 52.

54. Said Defendant intentionally or recklessly interfered with the use and enjoyment of personal property in the possession of the Plaintiff.

55. Said action was without justification.

## PRIMA FACIE TORT

56. The plaintiff realleges paragraphs 1 to 56.

57. Said Officer Jane Doe without justification intentionally and recklessly did an act that would otherwise be lawful.

58. Said was done solely to harm another person.

59. By said act the Defendant Jane Doe caused financial loss and damages to another person

## NEGLIGENT HIRING, SUPERVISION, RETENTION

60. The plaintiff realleges paragraphs 1 to 60.

61. The City of Syracuse failed to use reasonable care in the employment training and supervision of its employees and in determining whether they are competent to do their work without danger of harm to others.

62. Said employer knew that said Jane Doe was incompetent, had vicious propensities and a bad disposition.

63. the employer failed to use reasonable care to correct or remove the employee.

64. Said employer knew facts that would lead reasonably a reasonably prudent person to conduct an investigation which could have uncovered the information about the employe and failed to do so.

65. The damage to the Plaintiff was reasonably foreseeable to the to the Defendant City of Syracuse and a reasonably prudent person as a result of the vicious, incompetent, mean dangerous actions of said Jane Doe.

66. Said City of Syracuse failed to use the care of a reasonably prudent employer under the circumstances of this case.

67. Upon information and belief the officer had prior discipline and excessive force complaints.

68. The City of Syracuse had notice of the prior discipline and excessive force complaints.

69. Said City was negligent in retaining said officer.

70. Said City was further negligent in supervising said officer.

## NEGLIGENT TRAINING

71. The plaintiff realleges paragraphs 1 to 70.

72. The City of Syracuse was negligent in training said officer.

73 TheCity of Syracuse failed to train said officer correctly in deadly force situations and bystanders.

74. Said failure caused the police officer to endanger the life of the Plaintiff.

75. Said failure was a proximate cause and a substantial factor in causing the injury of injury to the Plaintiff.

## EXCESSIVE FORCE CONSTITUTIONAL RIGHTS

76. The plaintiff realleges paragraphs1 to 75.

77. All actions alleged herein were done under color of law by said Syracuse Police Officer.

78. The Plaintiff was an innocent bystander.

79. The alleged use of force against said Plaintiff was excessive force.

80. The Police violated the constitutional rights of the Plaintiff by the use of excessive force under the fourth and fourteenth amendments and other sections of the constitution.

81. The behavior of the Defendant officer was intentional and in reckless disregard of the safety of the Plaintiff and a violation of the duty of the officer to protect the safety of innocent bystanders.

82. Said duty is written in the United States Constitution, the laws of the State of New York and the rules and regulations of the Syracuse Police department and elsewhere.

83. Said actions caused the Plaintiff mental harm and to be treated by a psychiatrist.

## ALTERNATIVELY

## UNITED STATES CONSTITUTION

## POLICIES AND PROCEDURES.

84. The plaintiff realleges paragraphs 1 to 83.

85. Upon information and belief Officer John Doe is the officer in charge creating and maintaining said regulations in proper form up to the state and national standards.

86. Alternatively upon information and belief the City of Syracuse lacks or has inadequate polices and regulations and training regarding deadly force and innocent bystanders and Jane Doe.

87. Jane Doe's use of said force was excessive, unreasonable and in violation of the department rules and regulations as to the arrested suspect and the bystander Plaintiff Pendergast.

88. Absence of a formal policy or an adequate policy to protect pedestrians and bystanders from dangerous force is:

   (1) a formal official policy of the City of Syracuse

   (2) a result of actions or decisions taken by a municipal official with final policymaking authority;

   (3) a practice so consistent and widespread that [it] constitutes a custom or usage"of the Syracuse Police Department or

>  (4) a failure by policymakers to provide adequate training or supervision to police regarding police to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with municipal employees.

89. The absence of the aforesaid was the moving force behind the alleged constitutional violation.

90. The alleged failure to train occurred under circumstances that could constitute deliberate indifference.

91. The alleged deficiency in the city's training program and is closely related to the ultimate injury,' such that it 'actually caused' the constitutional deprivation."

92. Said officer was deliberately indifference and disregarded a known or obvious consequence of his action that an officer would injure a bystander or her property.

93. The need for more or better supervision was obvious and that the City made 'no meaningful attempt to forestall or prevent the unconstitutional conduct.'"

94. At all relevant times:

> (1) "a policymaker of the City of Syracuse knew 'to a moral certainty' that his or her employees will confront the situation alleged herein regarding the Plaintiff as a bystander
>
> (2) this situation presented the employee with a difficult choice of the sort that training or supervision will make less difficult and there is a history of employees mishandling the situation
>
> (3) that the wrong decision by the officer will frequently cause the deprivation of a citizen's constitutional rights such as injury to a bystander or their property

95. Upon information and belief there were prior similar constitutional violations attributable to the lack of, inadequacy of and failure to enforce said policies.

96. Defendants acquired sufficient actual or constructive notice as to be deliberately indifferent as to the need for further screening of potential employees.

97. The City of Syracuse was deliberately indifferent to the need for a force policy regarding pedestrians as stated herein.

98. Said City was deliberately indifference to subordinates' actions can provide a basis for municipal liability,"

99. A reasonable officer would have been trained and supervised to not conduct a violent arrest with a shootout when pedestrians were near in the area and would not have said violent arrest and shootout if innocent pedestrians were endangered.

100. The Plaintiff was clearly a bystander in the line of fire because two bullets hit her car.

101. Said aforesaid acts alleged above were a direct cause, proximate cause and a substantial factor in the injury to the Plaintiff.

**WHEREFORE** the Plaintiff Valerie Pendergast demands that the Defendants jointly and severally pay $500,000 plus legal fees, costs, disbursements, expert fees and other expenses allowed by law to said Plaintiff and such other relief as the court deems just and proper.

Woodruff Lee Carroll
334 Nottingham Road
Syracuse, NY 13201
Phone: 315 474 5356
Fax.: 315 474 5451