**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**VALERIE PENDERGRAPH,**

       **Plaintiff,**

v.               5:19-CV-0291 (NAM/TWD)

**THE CITY OF SYRACUSE,
OFFICER JANE DOE, and
OFFICER JOHN DOE,**

       **Defendants.**
_____

**APPEARANCES:**

For Plaintiff:
Woodruff Lee Carroll
334 Nottingham Road
Syracuse, New York 13201

For Defendant City of Syracuse:
Kristen E. Smith, Corporation Counsel
Todd M. Long, Assistant Corporation Counsel
300 City Hall
Syracuse, New York 13202

**Hon. Norman A. Mordue, Senior United States District Court Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

  Plaintiff Valerie Pendergraph brings this action against Defendants under 42 U.S.C. § 1983 and New York State law alleging claims arising out of an incident on February 4, 2018 with unknown members of the Syracuse Police Department ("SPD"). (Dkt. Nos. 1, 4). Defendant City of Syracuse now moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. No. 9). Plaintiff opposes Defendant's motion and

1

cross-moves to amend. (Dkt. Nos. 14–15). Plaintiff's motion is granted, and Defendant's motion is granted in part and denied in part, for the reasons that follow.

## II. PLAINTIFF'S CROSS-MOTION TO AMEND

Plaintiff has submitted a proposed amended complaint which attempts to address several deficiencies identified by Defendant. (*See* Dkt. No. 14-2). In general, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). When a plaintiff seeks to amend her complaint while a motion to dismiss is pending, "a court has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint." *Haag v. MVP Health Care*, 866 F. Supp. 2d 137, 140 (N.D.N.Y. 2012) (citation omitted). Since the proposed amendments are minimal and Defendant has responded to them, the Court will consider the merits of the motion to dismiss as applied to the proposed amended complaint. If the proposed amended complaint cannot survive the motion to dismiss, Plaintiff's cross-motion to amend will be denied as futile. *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).

## III. DEFENDANT'S MOTION TO DISMISS

### A. Background[1]

Plaintiff alleges that on February 4, 2018, she was parked at or near the intersection of Route 81 and State Street in the City of Syracuse. (Dkt. No. 14-2, ¶ 6). Plaintiff alleges that Jane Doe, a uniformed Syracuse Police Officer, "started shooting in Plaintiff's direction and engaged in a shoot out with another person who also may also have shot in the direction of the

---

[1] The facts are taken from the proposed amended complaint, and the attached Notice of Claim, which is incorporated by reference. The facts are assumed to be true for the purposes of this decision. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

Plaintiffs vehicle." (*Id.*, ¶ 7). Plaintiff claims that her vehicle was struck with several bullets, including two near the gas tank. (*Id.*, ¶¶ 8–10). Plaintiff alleges that she "was in the line of fire of the officer and another person." (*Id.*, ¶ 11). As a result of these alleged actions, Plaintiff claims that she was "nearly killed" and feared for her life. (*Id.*, ¶¶ 12–13). Further, Plaintiff alleges that this "near death experience" caused her to have psychiatric treatment. (*Id.*, ¶ 14). In sum, Plaintiff claims that Defendants used deadly force in her proximity without regard to bystanders, placing her at risk of harm, and causing her trauma and damages.[2] (*Id.*, *passim*). Plaintiff also claims that the City of Syracuse "lacks or has inadequate polices and regulations and training regarding deadly force and innocent bystanders and Jane Doe." (*Id.*, ¶ 86).

**B. Standard of Review**

"The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to Fed. R. Civ. P. 12(c) motions for judgment on the pleadings." *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). Thus, "[t]o survive a Rule 12(c) motion, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010)). "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-CV-4240, 2017 WL 4250513, at *2, 2017 U.S. Dist. LEXIS 155140, at *5 (S.D.N.Y. Sept. 22, 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court will grant a motion for judgment on the pleadings "if, from the pleadings,

---

[2] The Court declines to consider the medical records in Plaintiff's opposition, since the Court's review is ordinarily limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

3

the moving party is entitled to judgment as a matter of law." *VCG Special Opportunities Master Fund Ltd. v. Citibank, N.A.*, 594 F. Supp. 2d 334, 340 (S.D.N.Y. 2008). "On a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)).

### C. Discussion

The proposed amended complaint alleges the following claims under Section 1983: 1) excessive force against the Jane Doe Officer; and 2) municipal liability against the City of Syracuse. (Dkt. No. 14-2). The proposed amended complaint alleges the following claims under New York state law: 1) negligence against the Jane Doe Officer; and 2) negligent hiring, training, supervision, and retention against the City of Syracuse.[3] (*Id.*).

### D. Section 1983 Claims

#### 1) Excessive Force

Plaintiff alleges that she was an innocent bystander to a police shoot-out and "[t]he alleged use of force against said Plaintiff was excessive force." (Dkt. No. 14-2, ¶¶ 78–79). Further, Plaintiff alleges that "the behavior of the Defendant officer was intentional and in reckless disregard of the safety of the Plaintiff and a violation of the duty of the officer to protect the safety of innocent bystanders." (*Id.*, ¶ 81). Plaintiff claims that the actions of the unknown officer "caused the Plaintiff mental harm and to be treated by a psychiatrist." (*Id.*, ¶ 83).

---

[3] Plaintiff's papers state that she wishes to "drop" the claims for assault, battery, intentional infliction of emotional distress, trespass to chattels, and prima facie tort. (Dkt. No.14, p. 4; Dkt. No. 15, pp. 6–7). Accordingly, those claims are dismissed with prejudice.

4

Defendant argues that Plaintiff fails to state a claim for excessive force under a Fourth Amendment analysis, because as a bystander, she was not subject to any "seizure" by law enforcement. (Dkt. No. 9-3, pp. 16–19). Defendant also contends that Plaintiff's claim fails because she does not allege facts to support a due process violation or any cognizable injury. (*Id.*, pp. 19–22).

Excessive force claims are generally analyzed under the Fourth Amendment, which prohibits unreasonable seizures of the person. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Thus, the starting point for a Fourth Amendment excessive force claim is a factual allegation that law enforcement used force against the plaintiff's person. However, Plaintiff has pleaded that she was a bystander to the use of force, not the target or the recipient. (Dkt. No. 14-2, ¶ 78). These allegations do not state an excessive force claim under the Fourth Amendment. *See Ameduri v. Village of Frankfort*, 10 F. Supp. 3d 320, 340 (N.D.N.Y. 2014) ("There can be no claim that a law enforcement officer has used excessive force in the absence of an actual 'arrest, investigatory stop, or other seizure of a free citizen' under the Fourth Amendment.") (citing *Graham*, 490 U.S. at 394).

Plaintiff also claims that the alleged use of force violated her rights under the Fourteenth Amendment. (Dkt. No. 14-2, ¶ 80). The Second Circuit has recognized that there is a "substantive due process right to be free from excessive force," which may apply in unusual cases falling outside the Fourth Amendment. *Rodriguez v. Phillips*, 66 F.3d 470, 477 (2d Cir. 1995). Because Plaintiff was not "seized," her excessive force claim must be brought and analyzed under the substantive due process doctrine of the Fourteenth Amendment. *See Rothman v. City of New York*, No. 19-CV-225, 2019 WL 3571051, at *9, 2019 U.S. Dist. LEXIS 131472, at *41 (S.D.N.Y. Aug. 5, 2019).

5

"For a substantive due process claim to survive a Rule 12(b)(6) dismissal motion, it must allege governmental conduct that 'is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Velez v. Levy*, 401 F.3d 75, 93 (2d Cir. 2005) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n. 8 (1998)). The Supreme Court has recognized that government action typically must be intentional to shock the conscience, but in some situations, "deliberate indifference can rise to a constitutionally shocking level" for purposes of substantive due process. *Cnty. of Sacramento*, 523 U.S. at 847; *see also Russo v. City of Bridgeport*, 479 F.3d 196, 210 (2d Cir. 2007).

Here, Plaintiff has alleged sufficient facts, just barely, to infer a due process violation. Assuming Plaintiff's allegations are true, the Jane Doe Officer fired multiple gun shots in Plaintiff's direction and struck her vehicle, with reckless disregard or deliberate indifference to Plaintiff's rights and safety. Defendant points out that the gun shots are alleged in the context of an active shooter situation, suggesting that the Jane Doe Officer was justified in returning fire to protect herself, Plaintiff, and the general public. (Dkt. No. 9-3, p. 20). However, the circumstances of the shoot-out are as yet unclear. And based on Plaintiff's allegations, the Court cannot rule out the possibility that the Jane Doe Officer acted rashly, even shockingly, in firing her weapon so close to Plaintiff.

To state a due process claim, Plaintiff must also allege sufficient facts to infer a cognizable injury. Defendant argues that Plaintiff's allegations of "garden-variety emotional distress" fall short. (Dkt. No. 9-3, p. 22). And it is true that plaintiffs "have not fared well where psychological damage forms either the sole basis of or is an element of the plaintiff's substantive due process claim." *Dockery v. Barnett*, 167 F. Supp. 2d 597, 603 (S.D.N.Y. 2001). However, claims of emotional distress that require medical attention are

6

typically not classified as "garden-variety." *See Jessamy v. Ehren*, 153 F. Supp. 2d 398, 401 (S.D.N.Y. 2001). Plaintiff alleges that the shooting incident caused her to have psychiatric treatment. (Dkt. No. 9-3, ¶ 14). Based on this allegation, the Court cannot rule out the possibility that Plaintiff sustained a cognizable and compensable psychological injury.

In sum, Plaintiff's allegations are sufficient to state an excessive force claim under the due process claim of the Fourteenth Amendment.

### 2) Municipal Liability

Plaintiff alleges that "the City of Syracuse lacks or has inadequate polices and regulations and training regarding deadly force and innocent bystanders and Jane Doe." (Dkt. No. 9-3, ¶ 86). Further, Plaintiff alleges that "[t]he alleged failure to train occurred under circumstances that could constitute deliberate indifference." (*Id.*, ¶ 90). Plaintiff also claims that there was a failure to supervise the Jane Doe Officer. (*Id.*, ¶ 93). Defendant argues that Plaintiff fails to state a municipal liability claim because she "does not allege any facts whatsoever to support municipal custom or practice." (Dkt. No. 9-3, p. 28).

A municipality may not be held liable under § 1983 on the basis of *respondeat superior*. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694–95 (1978). Rather, municipalities are responsible only for "their own illegal acts," *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986), and are not vicariously liable for civil rights violations perpetrated by their employees. *See Monell*, 436 U.S. at 691. In order to state a Section 1983 claim for municipal liability, a plaintiff must allege that she suffered a constitutional violation, and that the violation resulted from an identified municipal policy or custom. *Monell*, 436 U.S. at 694–95. A municipal policy or custom may be alleged in several ways: 1) a formal policy, officially promulgated by the municipality, *id.* at 690; 2) action taken by the official responsible for establishing policy with

7

respect to a particular issue, *Pembaur*, 475 U.S. at 483-84; 3) unlawful practices by subordinate officials so permanent and widespread as to practically have the force of law, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127–30 (1985) (plurality opinion); or 4) a failure to train or supervise that amounts to "deliberate indifference" to the rights of those with whom the municipality's employees interact. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

Here, Plaintiff's allegations appear to invoke the fourth theory. Thus, the question is whether the facts alleged permit an inference that the failure to train and/or supervise amounts to deliberate indifference. Reading Plaintiff's allegations liberally, it can be inferred that the Jane Doe Officer recklessly endangered Plaintiff by firing in her direction, and that this action was the result of a failure to train and/or supervise by the City of Syracuse as to procedures for resolving an active shooter situation in the presence of innocent bystanders. And by extension it can be inferred that the failure to train and/or supervise amounts to deliberate indifference.

In sum, Plaintiff's allegations are sufficient to state a municipal liability claim. A great deal more will be required to survive summary judgment. *See Gonzalez v. New York City*, No. 16-CV-254, 2016 WL 7188147, at *9, 2016 U.S. Dist. LEXIS 177820, at *25 (S.D.N.Y. Dec. 2, 2016) ("Because the record is underdeveloped as it is, and because the success of Plaintiff's *Monell* claim will ultimately depend on whether he can establish a constitutional violation occurred at the hands of CO John Doe, the Court finds that Plaintiff has, albeit just barely, stated a plausible claim for municipal liability."); *Vasconcellos v. City of New York*, No. 12-CV-8445, 2014 WL 4961441, at *13, 2014 U.S. Dist. LEXIS 143429, at *28–29 (S.D.N.Y. Oct. 2, 2014) (denying motion to dismiss *Monell* claim based on alleged failure to train officers in use of deadly force); *Kimbrough v. Town of Dewitt Police Dept.*, No. 08-CV-03, 2010 WL 3724017, at *6, 2010 U.S. Dist. LEXIS 96243, at *18 (N.D.N.Y. Sept. 15, 2010) (denying

motion to dismiss *Monell* claim, observing that "it is hard to fathom how a plaintiff could provide more detail at the pleading stage regarding a *Monell* claim based on failure to train").

### 3) *Monell* Claim Against the John Doe Defendant

Plaintiff also alleges, without any elaboration, that "Officer John Doe is the officer in charge [of] creating and maintaining said regulations in proper form up to the state and national standards." (Dkt. No. 14-2, ¶ 85). To the extent Plaintiff alleges a separate *Monell* claim against the John Doe Defendant, it must fail. As Defendant points out, any *Monell* claim against the John Doe Defendant in his official capacity as a decisionmaker for the SPD would be duplicative of the municipal liability claim against the City of Syracuse. (Dkt. No. 9-3, p. 29). Therefore, any *Monell* claim against the John Doe Defendant is dismissed. *See Mathie v. Fries*, 121 F.3d 808, 818 (2d Cir. 1997) ("a claim against a government officer in his official capacity is, and should be treated as, a claim against the entity that employs the officer"); *Marcano v. City of Schenectady*, 38 F. Supp. 3d 238, 251 (N.D.N.Y. 2014) ("Inasmuch as the City of Schenectady is named as a defendant in this action and sued under *Monell* . . . for the conduct of the individual defendants, the official capacity claims against the individual defendants are dismissed as redundant.").

### E. New York State Law Claims

#### 1) Negligence

Plaintiff alleges that the Jane Doe Officer "owed the Plaintiff a duty to use reasonable care and follow the police training regulations of the City of Syracuse regarding deadly force and innocent bystanders." (Dkt. No. 14-2, ¶ 35). Plaintiff alleges that the Jane Doe Officer's actions "lacked ordinary care and that degree of care a reasonably prudent person would have used under the same circumstances." (*Id.*, ¶ 36). Further, Plaintiff alleges that the Jane Doe

9

Officer "failed to follow police regulations and the laws of the state of New York including Penal Law 35.30." (*Id.*, ¶ 37).

Defendant argues that Plaintiff's negligence claim against the unidentified Jane/John Doe Defendants must be dismissed because Plaintiff did not identify them and amend the complaint within the statute of limitations time period. (Dkt. No. 9-3, p. 12). Under New York law, tort claims against a municipality or its officers acting in their official capacity must be brought "within one year and ninety days after the happening of the event upon which the claim is based." N.Y. Gen. Mun. Law § 50-i(1)(c). Therefore, Plaintiff had until May 5, 2019 to bring her negligence claim against any police officers. John Doe pleadings "cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." *Aslanidis v. United States Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993). Nonetheless, a "plaintiff who finds that the limitations period on his claim has run may still seek to amend his complaint to add additional defendants, but he will be bound by the requirement that the proposed amendment 'relate back' to the date that the original complaint was filed." *Abreu v. City of New York*, 657 F. Supp. 2d 357, 363 (E.D.N.Y. 2009).

Such an amendment may only be accomplished when the plaintiff satisfies all of the requirements of Rule 15(c) of the Federal Rules of Civil Procedure:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

*Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468–69 (2d Cir. 1995) (citing Fed. R. Civ. P. 15(c)(1)(C)). "[R]elation back under Rule 15(c)(1)(C) depends on what the party to be added

10

knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010).

Here, Plaintiff cannot meet the third requirement for relation back under Rule 15(c)(1)(C) because it is well-established that "lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'" *See Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (quoting *Barrow*, 66 F.3d at 470).

However, relation back may still be possible under Rule 15(c)(1)(A), when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). In this case, the applicable statute of limitations provision for relation back is Section 1024 of the New York Civil Practice Law and Rules, which states:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

N.Y. C.P.L.R. § 1024. A plaintiff must meet two requirements for relation back under § 1024: 1) "exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name"; and 2) "describe the John Doe party in such form as will fairly apprise the party that [she] is the intended defendant." *Hogan*, 738 F.3d at 519 (internal quotations and citations omitted).

As to the first requirement, Plaintiff does not identify any steps she has taken to identify the police officer involved in the incident on February 4, 2018. Rather, Plaintiff states that the name of the officer "was unavailable from a knowledgeable source such as the City because the criminal case was pending [and] then it was sealed." (Dkt. No. 15, p. 8). However, there is no indication that Plaintiff (or her counsel) made any effort whatsoever to discover this information.

11

Indeed, as Defendant points out, the shooting was covered in the news and published reports from just days after the incident identified the officers involved.[4] Under the circumstances, the Court finds that Plaintiff failed to exercise due diligence. Therefore, any later amendment of the complaint to identify the police officer(s) would not relate back to the filing of the complaint. Accordingly, Plaintiff's negligence claim is time-barred and must be dismissed. *See Bender v. City of New York*, No. 14-CV-4386, 2015 WL 524283, at *5, 2015 U.S. Dist. LEXIS 16002, *12 (S.D.N.Y. Feb. 10, 2015) ("Because of the complete lack of evidence as to Bender's due diligence, § 1024 will not permit the relation back of her requested amendment to the date of the filing of the original complaint.").

### 2) **Negligent Hiring, Training, Supervision, and Retention**

Finally, Plaintiff makes a host of allegations as to negligence by the City of Syracuse, many of which are similar to her municipal liability claim. (Dkt. No. 14-2, ¶¶ 60–75). Defendant argues that Plaintiff fails to state a claim for negligent hiring, training, or supervision because she "makes no allegation that either Defendants Jane or John Doe were acting outside the scope of their employment." (Dkt. No. 9-3, p. 22).

"A municipality may be held liable for negligently training or supervising its law enforcement officers." *Marcano*, 38 F. Supp. 3d at 268 (citing *Barr v. Cnty. of Albany*, 50 N.Y.2d 247, 257 (N.Y. 1980)). To prevail, a plaintiff must ultimately show that a specific deficiency in training and/or supervision by the municipality led to the alleged harm. *See Baez v. JetBlue Airways*, 745 F. Supp. 2d 214, 225 (E.D.N.Y. 2010). At this stage, Plaintiff is not required to prove such deficiency, and the Court finds that Plaintiff's allegations are sufficient for the same reasons discussed above with respect to her municipal liability claim. Contrary to

---

[4] *See* https://www.localsyr.com/news/man-charged-for-attempted-murder-of-syracuse-police-officers/

Defendant's argument, the allegations in the proposed amended complaint, taken as true, suggest that the Jane Doe Officer may have acted outside the scope of her employment. This issue is better resolved on summary judgment, as the court did in *Perkins v. City of Rochester*, 641 F. Supp. 2d 168, 175 (W.D.N.Y. 2009).

However, any claim against the City of Syracuse based on allegations of negligent hiring and retention must be dismissed. Plaintiff fails to state a plausible claim because she does not allege any facts, beyond pure speculation, to infer that the City of Syracuse had knowledge or notice that the unidentified Jane Doe Officer was likely to engage in the complained of conduct. *See Cruz v. New York*, 24 F. Supp. 3d 299, 312 (W.D.N.Y. 2014) ("Under New York law, a Plaintiff must show an employer had or should have had knowledge of the unconstitutional behavior by the employee who harmed a plaintiff.").

## IV.     FURTHER AMENDMENT

Once Plaintiff learns the identities of the officers involved in the subject incident, Plaintiff may move to amend her complaint again to replace the Jane/John Doe Defendants, in accordance with Rule 15 of the Federal Rules of Civil Procedure. *See Hogan*, 738 F.3d at 519–20 (concluding that the plaintiff "should be permitted to continue his efforts to identify the John Doe defendants . . . and, if he succeeds in doing so, the district court shall grant him leave to amend his complaint to name them"). In doing so, Plaintiff's counsel is reminded to comply with the Local Rules for the Northern District of New York and to *carefully proofread* all submissions to the Court.

## V.     CONCLUSION

For these reasons, it is

13

**ORDERED** that Plaintiff's cross-motion to amend the complaint is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall docket the proposed amended complaint (Dkt. No. 14-2); and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 9), as applied to the amended complaint, is **GRANTED in part and DENIED in part**; and it is further

**ORDERED** that Plaintiff's *Monell* claim against the John Doe Defendant and Plaintiff's New York State law claims against the Defendants for assault, battery, intentional infliction of emotional distress, trespass to chattels, prima facie tort, and negligence are **DISMISSED with prejudice;** and it is further

**ORDERED** that Defendant's motion is otherwise **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

February 18, 2020
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge